Judge. Ewing
delivered the Opinion of the Court.
Otter sued out a writ of forcible entry and detainer; against Joseph P. and Thomas Pollard, and the jury found the following ve.rdic.t: “We of the jury do not think or believe that Thomas Pollard and Joseph P. Pollard [s g.uilty of the forcible entry and detainer complained of in the within warrant:” upon which the justice ren¿Lered judgment in favor of the defendants. “
_ ...... Otter traversed the inquisition.
°f the cause in the Circuit Court, the counsel for the. Pollards moved the Court to .dismiss the traverse, “because there was no inquisition found in the *517 country, upon which to base a traverse.” The motion was overruled by the Court; and issue being joined, and the case submitted to the Court, upon the law and the facts, a judgment was rendered for Otter; and a motion for anew trial being overruled, the case has been brought to thife Court by the Pollards,
A judg’t on an insufficient verdict, should be set aside, and the inquisitionshould be quashed, and then new proceedings may ba had. As dismissing the traverse merely, would leave the judg’t in fprce, it should' hot'be done at the instance pH the traverseq.
The motion to dismiss the traverse ought not to have been sustained. This is a summary mode of proceeding, for the speedy adjustment of the right to possession, forcibly invaded, or wrongfully withheld, and is to be tried in the country, and should not, therefore, be scrutinized with technical strictness. The verdict, when liberally construed, substantially finds the defendants not guilty. Though they have ingrafted the words they “think or believe” in the finding, those words can amount to no more than what is implied in every verdict of not guilty,founded on the testimony of-others. The jury cannot know the facts, but must be regarded only as believing them from the facts proven,
But if it be admitted that the inquisition was vague and insufficient, a judgment was pronounced upon it, by the justice, in favor of the defendants, and that judgment remains in full force, until it is reversed, set aside or annulled, and concludes the rights of Otter. It would not, therefore, be proper to dismiss the traverse, on the motion of the defendants in the traverse, upon the alleged ground of a defect in the inquisition. Such dismissal would leave the judgment in full force, to the manifest conclusion of the rights of the plaintiff in the warrant. If such objection existed, the inquisition should have been quashed, and the judgment thereon set aside, leaving the plaintiff at full liberty to pursue his r.emedy de novo. Such motion was not made in this case,, por was intended to be made by the defendants, as they were shielded by the judgment in their favor, and felt no interest in setting it aside, however defective might be the verdict upon which it was founded.
We are also, satisfied, that the judgment in the Circuit Court, is substantially sustained by the proof, and although the Court has not formally announced on the re» *518 cord its determination, upon the fads, it is implied in the judgment for restitution pronounced by the Court.
It is, therefore, the opinion of the Court that the judgment of the Circuit Court be affirmed.